AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Swiss Singapore Overseas Enterprise

V.

West Asia Maritime Overseas Private Ltd.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 Civ

JUDGE McMAHON

08 CV 7687

TO: (Name and address of Defendant)

West Asia Maritime Overseas Private Ltd.
11 Collyer Quay
#10-02 The Arcade
Singapore

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                           SEP 0 2 2008
_____                              _____
CLERK                                                         DATE

_Catherine Lapsley_
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
Swiss Singapore Overseas Enterprise,

                Plaintiffs,

    -against-

West Asia Maritime Overseas Private
Ltd.,

                Defendants.
------------------------------------------X



PLEASE TAKE NOTICE that Plaintiffs, Swiss Singapore Overseas Enterprise (Plaintiffs or "SSOE"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, West Asia Maritime Overseas Private Ltd. (Defendant or "WAMOPL"), allege, upon information and belief, as follows:

    1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.   Plaintiffs are a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.   Defendants WAMOPL are a business entity organized and existing pursuant to the laws of a foreign country, with a principal place of business located in Singapore.

    4.   Plaintiffs, as charterers, and Defendants, as owners or disponent owners, entered into a time charter agreement for the use of the M/V EVNIA.

5. Under the terms of the charter agreement Defendants were required to provide the M/V EVNIA in a tight, staunch, strong condition, in every way fit for service, seaworthy, and ready to receive and properly carry permissible cargo.

6. Under the terms of the charter agreement, at all times applicable during which the charter was in effect, Defendants were required to navigate the vessel at certain permissible speeds.

7. Defendants breached the charter agreement by unlawfully and in contravention of the terms of the agreement causing the vessel to perform its voyage at a speed less than that required by the charter agreement.

8. Defendants breached the charter agreement by unlawfully and in contravention of the terms of the agreement causing the vessel to be re-delivered at a time in excess of that required by the charter agreement.

9. As a result of the foregoing, Defendants have charged and withheld hire in excess of that permitted by the terms of the charter agreement.

10. Plaintiffs have incurred a present out-of-pocket loss of US$330,882.75 and have also incurred and will continue to incur additional damages, costs and expenses for which Defendants are liable under the terms of the charter agreement between the parties and at law.

11. Plaintiffs have placed Defendants on notice of their claim that Defendants have breached the referenced agreement.

12. Despite Plaintiffs' demand, Defendants have failed to pay the amounts due and owing to Plaintiffs under the agreement.

13. Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiffs have commenced or will shortly commence arbitration with Defendants, accordingly.

14. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

15. As a result of Defendants' breach of the agreement, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $330,882.75 |
| Interest (for a period of 2 yrs at 7.5%) | 51,493.63 |
| Attorneys' and Expert's Fees, Arbitration Expenses | 100,000.00 |
| **Total** | **$482,376.38** |

16. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

17. All conditions precedent required of Plaintiffs in the aforesaid agreement have been performed.

18. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of

garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiffs.

19. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiffs' claim as described above, Plaintiffs seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiffs pray:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$482,376.38** to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.   That Plaintiffs have such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, NY
         September 2nd, 2008

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
Swiss Singapore Overseas
Enterprise

By: _____
Edward A. Keane (EK 1398)
11 Hanover Square, Tenth Floor
New York, New York 10005
Tel. (212) 385-1422
Fax. (212) 385-1605
File No. 12/3644/B/08/8

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK   :
                    : SS.:
COUNTY OF NEW YORK  :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, Swiss Singapore Overseas Enterprise ("SSOE"), and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         September 2nd, 2008

                                    _____
                                    EDWARD A. KEANE (EK 1398)